THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
JAMES R. WILLARD, Appellant.

Third Department, November 12, 1913.

Crime — receiving stolen goods — evidence — corroboration of accomplice
— discrediting witness.

Where, upon the prosecution of a defendant for receiving stolen property,
with knowledge of the fact that it was stolen, the details of the crime
and of the defendant's participation therein were related by an accom-
plice, whose testimony as to the stealing of the property was fully cor-
roborated, but there was no corroborating evidence that defendant ever
had possession of the property, judgment of conviction should be reversed
and new trial granted.

Where, upon cross-examination, a witness denied having made a state-
ment that he did not want to confess because it would involve some one
whom no one had suspected, testimony of another witness that the first
witness made such statement is proper for the purpose of discrediting
the first witness, but was improper as bearing upon the connection of
the defendant with the crime.

APPEAL by the defendant, James R. Willard, from a judg-
ment of the County Court of Fulton county, rendered against
him on the 6th day of December, 1912, convicting him of
feloniously receiving stolen property.

*Eugene D. Scribner*, for the appellant.

*W. S. Cassedy, District Attorney*, for the respondent.

SMITH, P. J.:

The defendant has been convicted of having received stolen
property with knowledge of the fact that same was stolen.
Upon this appeal he contends that his conviction was not justi-
fied by the evidence. The details of the crime and of the
defendant's participation therein were told by one Gallup, an
accomplice. This was denied positively by the defendant,
whose story was in part substantiated by a clerk in the defend-
ant's store. So far as appears the defendant had borne a good
reputation, while the reputation of the accomplice was bad.
Under our criminal law the jury is not allowed to convict a

defendant upon the testimony of an accomplice alone. The story must be corroborated, and corroborated in each essential detail.

As to the fact that the goods in question were stolen, the accomplice is fully corroborated. As to the connection of the defendant therewith I am unable to find any corroboration which satisfies the requirement of the law.

The story of the accomplice is that he and one Walton went to the defendant to borrow some money; that the defendant told them that he would loan them no money, but if they would get goods from a peddler in the town he would buy those goods of them. They thereupon stole some goods of this peddler and brought them to the defendant, who paid them a small sum therefor. Thereafter the accomplice was charged with having stolen the goods and promised to return them, saying that they were stowed away in some woods near by. He went out of the justice's office and was seen to go at once into the front door of the defendant's store, and thereafter to come from a street which connected with an alleyway which went to the back of defendant's store. There is evidence of one witness from which it is claimed that he came from this alleyway thereafter. On the record, however, it is not clear as to what the witness intended to swear upon this subject. There were sheds in the back of the lot upon which was defendant's store, access to which was had by this alleyway. There is no evidence that any one saw the accomplice speak to the defendant as he passed through the store, and no corroborating evidence that the defendant ever had possession of these goods. For all that appears they might have been stored in those sheds back of the store without defendant's knowledge. Walton was a witness upon the stand, and upon cross-examination he was asked whether he had not stated that he did not want to confess because it would involve some one whom no one had suspected. He denied having made that statement, and another witness was brought upon the stand who swore that that statement was made by him. That was proper evidence to discredit Walton. It was no legitimate evidence, however, as against Willard. It had no legitimate bearing to prove that the defendant was involved in the crime. Still such evidence might have great

weight with a jury in inducing the belief that Willard was a party to the crime. But the question is not one of weight of evidence so much as of entire absence of such evidence corroborating the testimony of the accomplice as the law requires in order to sustain a conviction. The judgment of conviction, therefore, must be reversed, and a new trial granted in the County Court of Fulton county, to which the case is remitted.

All concurred.

Judgment of conviction reversed, and new trial granted in the County Court of Fulton county, to which court the case is remitted.